ORDER
RALPH F. KEEN, Justice.
BACKGROUND
Jessup Bryant (“Plaintiff’) states that he intends to run for the office of Deputy Principal Chief of the Cherokee Nation in the 1999 General election. Plaintiff seeks declaratory relief against the Cherokee Nation Election Commission (“Defendant”). In his Petition, the Plaintiff seeks answers to thirty-two (32) questions regarding alleged inconsistencies in, and/or requiring (1) interpretation of provisions found in Title 26, Elections, of the Cherokee Nation Code [1]. At the same time that the Plaintiff filed his Petition, the Plaintiff filed a document entitled “Proposed Propositions of Law For Declaratory Judgment”, that document purports to answer the questions asked by Plaintiff in his Petition.
In his Petition, the Plaintiff states that, This Court has a duty pursuant to Article VII of the Cherokee Nation Constitution to [resolve] any disagreements arising under any provision of any enactment of the Council. However, the Plaintiff does not allege that he has a disagreement with the Defendant or anyone regarding the alleged problems in the Election Code, nor does he allege that he has or may suffer any injury resulting from the alleged problems with the Election Code, or that he is in any actual or threatened peril as a result of the alleged problems with the Election Code.
Shortly after the filing of the Plaintiff s Petition, the Defendant filed its Answer in which it waived any further time to plead, answer or respond. The Defendant stated in its Answer,
*48 Defendant has no response or opinion as to the questions framed by the Plaintiff or his Proposed Conclusions of Law. However, Defendant acknowledges that each of the questions posed by Plaintiff evidences a legitimate question which should be resolved.
It must be noted, that the Defendant’s Answer was filed pro se by the chairperson of the Election Commission, without any allegations of authority to act alone in this matter.
ISSUES
With the lack of allegations of actual or threatened harm to the Plaintiff, coupled with the purported Answer of the Defendant, the issue in this cause is whether or not the Court has before it an actual dispute over which it has jurisdiction?
DISCUSSION
The Judicial Appeals Tribunal was created and established in Article VII, Judicial, of the Cherokee Constitution. Article VII states, in part,
The purpose of this Tribunal shall be to hear and resolve any disagreements arising under any provisions of this Constitution or any enactment of the Council. (2)
The Court finds that, in this cause there are no ... disagreements arising under any provision of [the Cherokee] Constitution or any enactment of Council, nor is there any injury alleged. In short, it appears that the Plaintiff is asking this Court for an advisory opinion, which, under our
Constitution, is not allowed.
HOLDING
The Court finds that it lacks jurisdiction over this cause inasmuch as there is no alleged injury or dispute. Accordingly, this cause is hereby DISMISSED.
IT IS SO ORDERED.

. The Plaintiff may find guidance as to some of his questions, in whole or in part in the Court’s Orders entered in Nick Lay v. Cherokee Nation, Case No. JAT-97-05-K; Nick Lay v. Cherokee Nation, Case No. JAT-97-06-K: Franklin Mclain v. Cherokee Nation Election Commission, Case No. JAT-98-13-K; and Pat Ragsdale v. Cherokee Nation Election Commission, Case No. JAT-98-19-K.